UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JOHN PATRICK STOKES,**

Debtor.

Case No. **16-60720-13**

## *MEMORANDUM OF DECISION*

At Butte in said District this 9th day of January, 2017.

After due notice, the Court held a hearing at Missoula on January 5, 2017, on the Debtor's Motion to Vacate Dismissal (Document No. 28) ("Debtor's Motion"), to which objections were filed by the Chapter 13 Trustee and other parties. The Debtor John Patrick Stokes ("Debtor") appeared pro se and testified. No exhibits were admitted; no other witness testified. Without objection the Court took judicial notice of the Debtor's prior bankruptcy cases, Nos. 09-60265-7 and 15-60933-13, and took judicial notice of certain documents filed in Lake County Montana District Court. At the conclusion of the parties' cases-in-chief the Court took Debtor's Motion under advisement. After review of the Debtor's Motion, objections, the record and applicable law governing reconsideration, this Court will enter a separate Order denying Debtor's Motion to Vacate Dismissal because the Debtor failed to satisfy his burden required for reconsideration.

The Chapter 13 Standing Trustee Robert G. Drummond filed an objection to Debtor's Motion and appeared at the hearing in opposition. Objections also were filed by the Montana Department of Revenue ("MDOR"), First American Title Company of Montana ("FATCO"), and

1

William E. Mytty and Sandra F. Mytty, Quality Supply, Inc. Profit Sharing Plan and Trust, Douglas S. Hadnot, J. Chris Crawford and Myrna K. Crawford, Stephen S. Ellis, M.D., P.C, Employees Amended and Restated Pension Plan, and Thomas H. Boone and Randy J. Cox, Trustees of the Group of Four, LLC Profit Sharing Plan1 (herein collectively referred to as the "Boone Creditor Group").  FATCO was represented at the hearing by attorney Danielle A. R. Coffman of Crowley Fleck PLLP.  The Boone Creditor Group was represented by attorney Robert Sullivan of Boone Karlberg P.C., of Missoula.  MDOR was represented by attorney Elizabeth M. Roberts of Helena.

This Court has exclusive jurisdiction of this bankruptcy case under 28 U.S.C. § 1334(a).  Debtor's Motion to Vacate Dismissal is a core proceeding under 28 U.S.C. § 157(b)(2).

No disputed relevant facts exist.  Debtor filed a voluntary Chapter 13 petition, pro se, on July 15, 2016.  A "Notice of Chapter 13 Case" (Doc. 4) in accordance with Official Form 309I was docketed on July 15, 2016, and was mailed to the Debtor at 12887 Raven Way, Bigfork, MT 59911-7346 on July 17, 2016.  Paragraph 7 of the Notice states that a meeting of creditors would be held at a specific location in Kalispell, MT, on August 11, 2016, at 02:00 p.m., and further provides:  "Debtors must attend the meeting to be questioned under oath."

The Debtor testified that he has been the debtor in prior bankruptcy cases filed in this district and attended § 341 meetings in those cases, and that he is familiar with the proceedings.  He admitted that he received the Notice of the instant case and the scheduled § 341 meeting.  Notwithstanding, Debtor testified that he forgot about the § 341 meeting on August 11, 2016, and did not attend.

The above-captioned Chapter 13 bankruptcy case was dismissed by Order entered on

August 12, 2016, after the Chapter 13 Trustee filed a Notice (Doc. 18) stating that the Debtor failed to appear at the meeting of creditors held on August 12, 2016, pursuant to 11 U.S.C. § 341(a), and requested that the case be dismissed.  The Debtor moved to reopen the case, which was granted on November 7, 2016.  On November 18, 2016, the Debtor filed a Motion to Vacate Dismissal (Doc. 28) so that assets can be restored from which Debtor can pay his creditors and so that Debtor can pursue sanctions against various parties.  The Chapter 13 Trustee, MDOR, FATCO, and Boone Creditor Group all filed objections.

## DISCUSSION

The Debtor testified that he made a "huge mistake" by failing to attend the § 341 meeting. Notwithstanding, he moves for the Court to vacate the dismissal, alleging in Debtor's Motion that a trustee's sale of his residence took place on August 18, 2016.  Debtor requests relief from dismissal because, he contends, he was not aware that this case had been dismissed until he received the Trustee's Final Report which was filed on August 29, 2016, and he did not receive notice of the trustee's sale of his residence until after the trustee's sale.  He testified that if he is not granted relief from dismissal he risks being evicted and made homeless.

Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.  *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); s*ee also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Debtor's Motion does not cite any rule, statute, or case authority upon which he bases his Motion to Vacate Dismissal.  In fact, Debtor's Motion does not address his failure to attend the § 341 meeting at all, instead arguing the merits of his request for sanctions against FATCO and other parties.  The objections all argue that Debtor cited no authority and made no satisfactory showing under Fed. R. Bankr. P. 9023

(applying Fed. R. Civ. P. 59 in cases under the Code) and 9024 (applying Rule 60 in cases under the Code) for relief from dismissal.[1]

Montana Local Bankruptcy Rule ("Mont. LBR") 2003-7, effective December 1, 2009, provides in pertinent part for "Failure to Appear at Creditors' Meetings:"

> If a debtor fails to appear at the meeting of creditors scheduled pursuant to 11 U.S.C. § 341(a), the case may be dismissed or converted by the Court upon notification by the trustee or the U.S. Trustee of debtor's failure to appear (*See* Mont. LBF 7 and 7-A), unless the debtor or the debtor's attorney filed an application for continuance not later than fourteen (14) days prior to the scheduled creditors' meeting, as required under Mont. LBR 2003-4 above, and such application was granted by the U.S. Trustee. Failure to timely file an application for continuance may result in the case being dismissed or converted, unless the trustee or other party in interest requests that the case remain open or in the present chapter. ....

Mont. LBR 2003-7.

No evidence exists that the Debtor applied for a continuance of the § 341 meeting. He testified that he received the notice of the meeting, but forgot about it and failed to attend. Dismissal followed pursuant to Mont. LBR 2003-7.

Pro se litigants must follow procedural rules. *See Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R. 79, 83 (9th Cir. BAP 2011). Ignorance of court rules does not constitute excusable neglect, even if a litigant appears pro se. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997), quoting *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987).

Relief from judgments are available under Rule 59. Relief from a judgment or order also is available under Rule 60. This Court will consider both rules in relation to Debtor's Motion.

Rule 59(e) includes motions for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386,

---

[1] The arguments in the objections pertaining to the merits of Debtor's request for sanctions are irrelevant.

1388 (9th Cir. 1985). In *Brandt v. Esplanade of Central Montana, Inc., et al.* (*"Brandt"*), 19 Mont. B.R. 401, 403 (D. Mont. 2002), the District Court, in affirming this Court's decision, discussed the amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Mutnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)." *See also In re Teigen*, 11 Mont. B.R. 91, 92 (Bankr. D. Mont. 1992).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The Debtor's Motion does not argue that this Court committed clear error of law or fact when it dismissed his case, nor does it present newly discovered evidence which was not available to the Debtor earlier in this case, nor does it argue or prove that there was an intervening change in the controlling law. Debtor admits to making a mistake in forgetting to attend the § 341 meeting. Dismissal followed under this Court's longstanding local rule and practice.

The Court also may relieve a party from an order under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect."[2] Relief under Rule 60(b)(1) requires a party to

---

[2]No other subpart of Rule 60(b) could apply in this instance.

show "'extraordinary circumstances,' suggesting that the party is faultless in the delay." *Pioneer Inv. Services, Co. v. Brunswick Associated Ltd. P'ship*, 507 U.S. 380 (1993). Such relief "normally will not be granted unless the moving party is able to show both injury and that the circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993), *cert. denied*, 510 U.S. 813 (1993). This Court finds and concludes that the Debtor in the instant case failed to show that he was faultless in forgetting to attend the § 341 meeting, and that Debtor failed to show that circumstances beyond his control prevented him from timely attending the § 341 meeting. Simply forgetting to attend a creditors' meeting is not sufficient grounds for relief under Rule 60(b)(1), even for a pro se debtor.

The Court concludes that the Debtor has failed his burden of proof to show sufficient cause for reconsideration under Rule 59 or Rule 60(b)(1).

**IT IS ORDERED** a separate Order shall be entered denying the Debtor's Motion to Vacate Dismissal (Doc. 28).

_____
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge